BAXTER, (WILLIAMS v.)    See Case No. 17,715.

BAXTER, The EDGAR.    See Case No. 4,278.

## Case No. 1,128.

The BAYARD v. The COAL VALLEY.

[3 Pittsb. Rep. 165; 16 Pittsb. Leg. J. 204.]

District Court, W. D. Pennsylvania.    Oct. Term, 1869.

COLLISION—EVIDENCE—REASONABLE DOUBT—DAMAGES.

[Where, in a collision case, the evidence leaves it open to a reasonable doubt as to which party was in fault, the loss must be sustained by the one upon whom it has fallen. The Grace Girdler, 7 Wall. (74 U. S.) 196, followed.]

[See Lucas v. The Thomas Swann, Case No. 8,588; The Nautilus, Id. 10,058; The Comet, Id. 3,050.]

[In admiralty. Libel for collision by the steamboat Bayard against the steamboat Coal Valley. Dismissed.]

Mr. Barton, for libelant.
E. P. Jones and Mr. Howard, for respondent.

McCANDLESS, District Judge. This is a case of collision of steamers navigating the Ohio river. The Coal Valley and the Arab, with a tow of eleven flats and barges, were ascending, when, at night, near Grave creek below Wheeling, they sighted the steamboat Bayard descending the river. They gave the authorized signals, indicating to the Bayard

to take the starboard, or Virginia shore, which were properly and affirmatively answered by the Bayard. From this point of time there is a mass of conflicting and contradictory testimony, sufficient to unsettle the nerves of any admiralty judge, but from which I deduce this conclusion, that the lights required by law, were properly placed both upon the steamers and the tow; that both the ascending and descending boats designed to avoid a collision, and that it was caused by the defective steering apparatus of the Bayard. In any phase of the case it is not without doubt, and must therefore be decided upon the principle of The Grace Girdler, 7 Wall. [74 U. S.] 196, that where, in case of collision, with loss, there is reasonable doubt as to which party is to blame, the loss must be sustained by the one upon which it has fallen. The libel is dismissed with costs.